IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHERWIN WILLIAMS COMPANY,** Plaintiff, v. **COURTESY OLDSMOBILE-CADILLAC, INC.,** Defendant. | 1:15-cv-01137 MJS **ORDER REGARDING REQUEST TO SEAL DOCUMENTS** (Doc. 27) **RESPONSE BY PLAINTIFFS DUE WITHIN FOURTEEN (14) DAYS** |

I.   **INTRODUCTION**

Before the Court is Plaintiff Sherwin Williams Company's request to seal a supply agreement that it intends to use as an exhibit in a forthcoming motion. (See ECF No. 27.)

Plaintiff informs the Court that the supply agreement is confidential and contains trade secrets. However, Plaintiff provides no information upon which the Court can determine if the agreement is as characterized.

As discussed below, Plaintiff has not made a sufficient showing to enable the Court grant the request to seal. Accordingly, the Request will be denied without prejudice to Plaintiff filing a renewed request that complies with Local Rule 141 and

1

provides "good cause" for sealing.

## II.  LEGAL STANDARD FOR SEALING DOCUMENTS

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (denying release of the "Nixon tapes" that were played in open court and entered into evidence). "This right extends to pretrial documents filed in civil cases." Estate of Migliaccio v. Allianz Life Ins. Co. (In re Midlan Nat'l Life Ins. Co. Annuity Sales Practices Lit.), 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure. See id. at 1178-79.

The Ninth Circuit has determined that the public's interest in non-dispositive motions is relatively lower than its interest in trial or a dispositive motion. Accordingly, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause" to justify sealing. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action"). "The party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). That party must make a "*particularized showing* of good cause with respect to any individual document." San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999) (emphasis added). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)), cert.

denied, 506 U.S. 868, 113 S. Ct. 197, 121 L. Ed. 2d 140 (1992).

### III. ANALYSIS

The request to seal is improper under the standards articulated by the Ninth Circuit..

Plaintiff has provided nothing upon which to base a determination as to whether the document contains trade secrets, is confidential and should be sealed. "Conclusory arguments" and "blanket" assertions that documents are "confidential and proprietary" are insufficient to overcome the presumption against sealing. Ingram v. Pac. Gas & Elec. Co., 2013 U.S. Dist. LEXIS 136887, 9-10 (N.D. Cal. Sept. 24, 2013) (citing Wells Fargo & Co. v. ABD Ins. & Fin. Servs., No. 12-cv-3856-PJH, 2013 U.S. Dist. LEXIS 32593, 2013 WL 897914, at *2 (N.D. Cal. Mar. 8, 2013)). The Ninth Circuit, in an unpublished opinion, has identified a trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b). In that case, applying Kamakana and Nixon, the Ninth Circuit reversed a district court for refusing to seal information that qualified under this standard. In re Elec. Arts, Inc., 298 Fed. App'x. at 569. On the other hand, information does not have value to a competitor merely because the competitor does not have access to it." Travelers Prop. Cas. Co. of Am. v. Centex Homes, No. 11-cv-3638-SC, 2013 U.S. Dist. LEXIS 26241, 2013 WL 707918, at *1 (N.D. Cal. Feb. 26, 2013) (plaintiff-insurer's "Construction Defect Review Guidelines" were not sealable because plaintiff failed to make proper showing).

In addition to addressing the "good cause" standard, Plaintiffs' request to seal must also meet the particularity required under Local Rule 141 and specifically address "the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." Local Rule 141.

## IV. ORDER

Plaintiff's request to seal is hereby DENIED without prejudice. Plaintiff is ORDERED to file a renewed notice and request to seal documents complying with the requirements of Local Rule 141 within fourteen (14) days of the issuance of this order.

IT IS SO ORDERED.

Dated:   December 14, 2015                  /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE