IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHERWIN-WILLIAMS COMPANY,**<br>Plaintiff,<br>v.<br>**COURTESY OLDSMOBILE-CADILLAC, INC., and BEN WELLS,**<br>Defendants. | 1:15-cv-01137 MJS HC<br><br>**ORDER REGARDING MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>(Doc. 29) |

I.  **INTRODUCTION**

Presently before the Court is Plaintiff Sherwin-Williams Company's motion to strike or dismiss affirmative defenses raised by Defendants Courtesy Oldsmobile-Cadillac, Inc. ("Courtesy Olds") and Ben Wells ("Wells") in their amended answer. (See ECF No. 30.)

On July 22, 2015, Plaintiff filed the instant complaint against Defendants. (ECF No. 1.) In the complaint, Plaintiff asserts breach of contract claims against Defendants. Plaintiff contends that in April, 2011 it entered into a supply agreement whereby Courtesy Olds agreed to exclusively use $900,000 of Plaintiff's automotive paint and

coating products. In consideration, Plaintiff advanced Courtesy Olds a prepaid discount of $175,000 and a discount of 15% of the list price of its paint products. Defendant Wells entered into a personal guaranty of Courtesy Olds' performance under the supply agreement.

Plaintiff contends that Courtesy Olds has ceased or sold its operations and stopped purchasing Plaintiff's products, thereby breaching the supply agreement. It asserts a cause of action against Courtesy Olds for breach of the supply agreement, and one against Wells for breach of the personal guaranty.

Defendants filed an answer to the complaint on October 5, 2015. (ECF No. 15.) In the answer, Defendants alleged thirty-four (34) affirmative defenses to the complaint. (Id.) The parties stipulated to allow Defendants to voluntarily amend the answer. Defendants filed an amended answer on November 23, 2015. (ECF No. 26.) In the amended answer, Defendants withdrew six of the 34 affirmative defenses originally raised. (Id.)

On December 14, 2015, Plaintiff filed a motion to strike affirmative defenses to the amended answer. (ECF No. 29.) Defendants filed an opposition on January 29, 2016, and Plaintiff filed a reply on February 5, 2016. (ECF Nos. 33-35.)

All parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 19-20.) The Court has deemed the motion to strike submitted without oral argument.

## II. ARGUMENTS PRESENTED

Plaintiff presents five separate grounds why nearly all of the affirmative defenses remaining in the amended answer should be stricken[1]: 1) Defenses based on a third party's assumption of the supply agreement fail because the supply agreement requires

---

[1] Plaintiff also alleges that Defendants first affirmative defense for failure to state a claim for relief should be stricken. However, Plaintiff raises this argument for the first time in its reply brief. "The district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). Plaintiff's argument is disregarded.

written waiver; 2) Defenses based on Plaintiff's alleged failure to provide products meeting industry standards fail because Defendants waived all warranties in the supply agreement; 3) Defenses based on failures of conditions precedent and fraud are barred because they rely on impermissible parole evidence or were waived by Defendants in the supply agreement; 4) Several of the affirmative defenses, including ones based on fraud, offset, and mitigation, lack particularity and thus are insufficiently plead; and, 5) Several are not affirmative defenses at all but simply argument that Plaintiff has failed to prove the elements of the claims in its complaint. Defendants repond that all of the defenses presented are proper and t none should be stricken.

### III. LEGAL STANDARD

#### A. Motion to Strike Affirmative Defenses

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may, on its own or on a party's motion, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from a pleading. Fed. R. Civ. P. 12(f). The function of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." Whittlestone, Inc. v. Handi—Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

Before a motion to strike affirmative defenses may be granted, the Court "must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Jones v. Sweeney, No. CV-F-04-6214-AWI-DLB, 2006 U.S. Dist. LEXIS 33069, 2006 WL 1439080, at *1 (E.D. Cal. May 24, 2006) (citing SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)). "[C]ourts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike." Whittlestone, 618 F.3d at 973 (internal quotation marks and alterations omitted).

Motions to strike affirmative defenses "are disfavored and infrequently granted." Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). The Court "must

view the pleading under attack in the light more favorable to the pleader." <u>Garcia ex rel. Marin v. Clovis Unified School Dist.</u>, 2009 U.S. Dist. LEXIS 83352, 2009 WL 2982900, at *23 (E.D. Cal. Sept.14, 2009) (internal citation omitted). Even if a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the strong policy favoring resolution of cases "on the proofs rather than the pleadings." <u>Rennie & Laughlin, Inc. v. Chrysler Corp.</u>, 242 F.2d 208, 213 (9th Cir. 1957); <u>Wyshak v. City Nat'l Bank</u>, 607 F.2d 824, 827 (9th Cir. 1979).

"An affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." <u>Barnes v. AT & T Pension Ben. Plan-Nonbargained Program</u>, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010). "It is a defense on which the defendant has the burden of proof." <u>Id.</u> at 1174. On the other hand, "a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." <u>Zivkovic v. S. California Edison Co.</u>, 302 F.3d 1080, 1088 (9th Cir. 2002) (citing <u>Flav-O-Rich v. Rawson Food Service, Inc.</u>, 846 F.2d 1343, 1349 (11th Cir. 1988)). While courts rarely grant Rule 12(f) motions to strike affirmative defenses, if an affirmative defense is a negative defense and should instead be included as a denial in the answer, the motion to strike will be granted. See <u>Barnes</u>, 718 F. Supp. 2d at 1173.

An affirmative defense is insufficient as a matter of pleading if it fails to give plaintiff "fair notice." "The 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" <u>Kohler v. Flava Enterprises, Inc.</u>, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1274 (3d ed. 1998)). This is less demanding than the <u>Twombly</u>/<u>Iqbal</u> standard, but still requires a party to plead some factual basis for its allegations. <u>Dodson v. Munirs Co.</u>, No. CIV. S-13-0399 LKK, 2013 U.S. Dist. LEXIS 85768, 2013 WL 3146818, at *2 (E.D. Cal. June 18, 2013) ("Fair notice generally requires that the defendant identify the nature and grounds for the affirmative defense,

4

rather than plead a detailed statement of the facts upon which the defense is based."); Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice.").

Plaintiff contends that the heightened standard of Twombly/Iqbal should apply. Plaintiff argues that courts in this district have held that Kohler did not address the pleading standard and did not resolve the split with regard to which standard should apply. (Reply at 4.) However, in so arguing, Plaintiff relies on a case from the Northern District of California, rather than the Eastern District, for this proposition. See Perez v. Wells Fargo & Co., No. 14-CV-0989-PJH, 2015 WL 5567746, at *3 (N.D. Cal. Sept. 21, 2015).

Since Kohler, every judge in this district that has evaluated the split in light of the Kohler decision has found that the fair notice standard should apply. See Frazier v. City of Rancho Cordova, 2016 U.S. Dist. LEXIS 11769 (E.D. Cal. Jan. 29, 2016) (Nunley, J.); Beco Dairy Automation, Inc. v. Global Tech Sys., 2015 U.S. Dist. LEXIS 173415 (E.D. Cal. Dec. 30, 2015) (O'Neill, J.); Castellano v. Access Premier Realty7, Inc., 2015 U.S. Dist. LEXIS 158078 (E.D. Cal. Nov. 20, 2015) (England, J.); Springer v. Fair Isaac Corp., 2015 U.S. Dist. LEXIS 154765 (E.D. Cal. Nov. 13, 2015) (Nunley, J.); Bryant v. Romero, 2015 U.S. Dist. LEXIS 135647 (E.D. Cal. Oct. 5, 2015) (Beck, J.); Beco Dairy Automation, Inc. v. Global Tech Sys., 2015 U.S. Dist. LEXIS 130503 (E.D. Cal. Sept. 28, 2015) (O'Neill, J.); Lexington Ins. Co. v. Energetic Lath & Plaster, Inc., 2015 U.S. Dist. LEXIS 123123 (E.D. Cal. Sept. 14, 2015) (Muller, J.); J & J Sports Prods. v. Angulo, 2015 U.S. Dist. LEXIS 111218 (E.D. Cal. Aug. 21, 2015) (Muller, J.); Edwards v. Cnty. of Modoc, 2015 U.S. Dist. LEXIS 94216 (E.D. Cal. July 17, 2015) (England, J.); Landmark Equity Fund, II, LLC v. Arias, 2015 U.S. Dist. LEXIS 89981 (E.D. Cal. July 9, 2015) (Thurston, J.); Aubin Indus. v. Caster Concepts, Inc., 2015 U.S. Dist. LEXIS 82881 (E.D. Cal. June 23, 2015) (England, J.).

Plaintiff correctly notes that this Court, in a decision issued shortly after Kohler, held that the heightened requirements of Twombly/Iqbal should apply. See Hamilton v.

Quinonez, 2015 U.S. Dist. LEXIS 33111 (E.D. Cal. Mar. 16, 2015) (Seng, J.).[2] The Court did not address Kohler in Hamilton. This Court, now having reviewed Kohler and the intervening decisions of the other judges of the district relying on Kohler, concludes that the fair notice standard should and shall apply.

### B. Use of Extrinsic Evidence

Plaintiff argues that many of the affirmative defenses should be stricken in light of various provisions of the supply agreement. Plaintiff attached a copy of Wells' personal guaranty to the complaint. Plaintiff did not, however, attach a copy of the supply agreement to the complaint.

A written instrument attached to pleading is properly incorporated by reference into the pleading. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). It is not enough to just refer to the instrument, it must actually be attached to the pleading. See Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7, 747 F.2d 1195, 1198 (8th Cir. 1984). Further, with regard to a motion to strike, the grounds for a motion to strike must appear on the face of the pleading under attack. SEC v. Sands, 902 F. Supp. at 1165. As the supply agreement was not attached to either the complaint or the amended answer, it is extrinsic evidence. "[C]ourts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff 's pleading." Davis v. HSBC Bank, 691 F.3d 1152, 1160 (9th Cir. 2012). Here, Defendants challenge the authenticity and application of the supply agreement. Accordingly, the Court finds it inappropriate to apply the terms of the supply agreement against Defendants' pleading in this motion to strike.

Unlike Rule 12(b) & (c) of the Federal Rules of Civil Procedure, Rule 12(f) does

---

[2] Additionally, after the issuance of Kohler, Judge O'Neill also held that the Twombly/Iqbal standard should apply to affirmative defenses in Johnson v. Golden Empire Transit Dist., 2015 U.S. Dist. LEXIS 45515 (E.D. Cal. Apr. 7, 2015). Judge O'Neill did not, however, refer to Kohler, and in two separate decisions after Johnson, he relied upon Kohler and applied the fair notice standard. See, e.g., Beco Dairy Automation, Inc. v. Global Tech Sys., 2015 U.S. Dist. LEXIS 173415 (E.D. Cal. Dec. 30, 2015) (O'Neill, J.).

not specifically state that consideration of matters outside of the pleadings converts the motion to one for summary judgment pursuant to Rule 56. See Fed. R. Civ. P. 12(d). Nevertheless, "several courts have held that submission of extrinsic evidence in support of a motion to strike converts the [Rule 12 (f)] motion into one for summary judgment." 1 W. Schwarzer & A. Tashima, Federal Civil Procedure Before Trial ¶ 9:405 at p. 9-145 (2015) (citing United States Oil Co. v. Koch Refining Co., 518 F.Supp 957 (D. Wis. 1981)).

The Court concludes it would be counterproductive to convert this motion to a motion for summary judgment. Accordingly, the Court shall not address arguments premised on extrinsic evidence such as the supply agreement.

## IV. ANALYSIS

### A. Failure to Properly Notice Motion

Defendants correctly note that the present motion was not properly filed. Plaintiff filed only a memorandum of points and authorities in support of a motion to strike. (ECF No. 29.) That document did not provide proper notice to Defendants of the date and time of the hearing on the motion as required by the Local Rules. See E.D. Cal. Local Rules 133, 230. Rather than requiring Plaintiff to re-file and properly notice the motion, the Court, in the interest of judicial efficiency, provided notice to the parties on January 5, 2016 that it was setting a hearing on the motion on February 12, 2016. (ECF No. 31.)

Defendants, both represented by qualified counsel, have been provided sufficient notice of the motion by the Court. Defendants contention that the motion was not timely filed because of Plaintiff's failure to state the time and date of the hearing fails. "Motions defectively noticed shall be filed, but not set for hearing…" Local Rule 230(b). Accordingly, the Local Rules allow for the filing of a defectively noticed motion, and Defendants were served with the motion through the Court's Electronic Court Filing system. The Local Rules also require the Clerk of Court to immediately notify Plaintiff of the defective notice. Local Rule 230(b). That did not occur. As such, the Court notified

the parties of the time and date of the hearing.

While the Court will proceed to address the merits of this motion, Plaintiff's counsel is admonished to review and comply with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California for future filings.

### B. Waiver of Right of Third Party to Assume Courtesy Old's Obligations

Plaintiff contends that affirmative defenses 3, 4, 5, 12, 16, 19, 31, and 32 fail as a matter of law as Defendants have not alleged that Plaintiff entered into a written waiver of its rights as required by section nine of the supply agreement. The supply agreement is extrinsic evidence and may not be used as a basis to strike affirmative defenses in the pleadings. To the extent that Plaintiff's argument is based on the written waiver provision of the supply agreement, the motion fails.

Plaintiff also asserts that Defendants did not sufficiently plead the affirmative defenses as they did not state the third party who assumed the obligations under the supply agreement. However, Plaintiff acknowledges that Defendants' nineteenth affirmative defense identifies the third party – Merced Chevrolet, Inc. As Defendants have identified the third party (and Plaintiff has not alleged any confusion as to the third party, or whether more than one third party assumed the obligations of the contract) the amended answer provides Plaintiff fair notice of the defense.

Plaintiff's final argument with regard to these affirmative defenses is that they insufficiently plead waiver which, under Ohio state law, requires proof of a clear, unequivocal, decisive act of the party against whom the waiver was asserted. (Mot. at 6 (citing Saydell v. Geppetto's Pizza & Ribs Franchise Sys., Inc., 100 Ohio App. 3d 111, 123 (1994).). First, this argument is relies on a claim that section nine of the supply agreement contains a choice of law provision requiring the use of Ohio state law. Resolution of that claim would require consideration of extrinsic evidence. It is not properly addressed by a motion to strike. Even assuming the legal standard stated above, Defendants have provided fair notice of the waiver as required under Kohler. 779 F.3d at 1019. Defendants need not provide detailed information regarding the manner in

which the waiver occurred. As Defendants have provided fair notice of legally and factually plausible defenses, Plaintiff's motion to strike affirmative defenses 3, 4, 5, 12, 16, 19, 31, and 32 is DENIED.

### C.     Waiver of Warranties

Plaintiff next contends that affirmative defenses 6, 9, 10, 11, 16, 18, 22, 26, 27, and 28 must be stricken based on Defendants alleged disclaimer of warranties in the supply agreement. Much of Plaintiff's argument focuses on whether the warranty disclaimer in the supply agreement provided proper notice to Defendants under Ohio state law. Once again, the argument is based on extrinsic evidence contained in the supply agreement which is not properly before the Court for adjudication in a motion to strike. Even assuming the terms of the supply agreement contain a waiver of warranties, the Court would have to assume other facts not in evidence, including that the agreement is enforceable and was not otherwise modified by extraneous evidence. Plaintiff has not shown that the affirmative defenses must fail as a matter of law or fact based solely on the pleadings.

Plaintiff's final argument with regard to these affirmative defenses is that the twenty-second affirmative defense was insufficiently plead. The defense alleges a material breach of the supply agreement, but fails to state what provision of the agreement was breached.

The twenty-second affirmative defense states:

(Material Breach)

> Defendants are informed and believe and thereon allege that based on the conduct of Plaintiff, including Plaintiff's failure to provide products which did not meet industry standards for quality, and the use of which threatened a loss of business from insurers who refused the dealer's use of Plaintiff's substandard paint products, and Plaintiff's failure to address complaints that its products which did not meet industry standards for quality, and the use of which threatened a loss of business from insurers who refused the dealer's use of Plaintiff's substandard paint products, Plaintiff materially breached the contract and is thereby estopped from asserting any of the alleged claims set forth in the Complaint.

(Am. Answer, ECF No. 26 at 9.)

Regardless whether the claim of material breach will prove meritorious or be barred by an enforceable waiver of warranty provision of the supply agreement, Defendants have provided fair notice to Plaintiff as to the basis of the material breach claim. Kohler, 779 F.3d at 1019. Defendants explain that the paint products provided by Plaintiff failed to meet industry standards for quality; that Defendants were threatened with a loss of business from clients who refused the use of Plaintiff's products; and that Plaintiff failed to respond to complaints about the products. Defendants have provided sufficient detail regarding the nature and ground of the affirmative defense. To the extent Plaintiff seeks further information regarding the affirmative defense, it will have the opportunity to do so through discovery.

Defendants have provided fair notice of legally and factually plausible defenses. Plaintiff's arguments to the contrary are improperly based on extrinsic evidence not contained in the pleading. Plaintiff's motion to strike affirmative defenses 6, 9, 10, 11, 16, 18, 22, 26, 27, and 28 is DENIED.

### D.   Failure to Sufficiently Plead Affirmative Defenses

Plaintiff next claims that several of Defendants' affirmative defenses were not plead with sufficient particularity. The Court shall address each contention in turn.

#### 1.   Fraud Based Affirmative Defenses

Plaintiff argues that affirmative defenses 26, 27, and 28 should be stricken as they are based on theories of fraud or misrepresentation that have not been pled with sufficient particularity. Although striking an insufficient defense is uncommon in federal practice, and is of questionable utility given the availability of discovery to obtain a more complete basis for the assertion of the defense, the Court agrees with Plaintiff on this defense.

Federal Rule of Civil Procedure 9(b) requires allegations of fraud or mistake to be plead with particularity. "In all averments of fraud, including affirmative defenses, the circumstances constituting the fraud must be stated with particularity." Gold Club-SF, LLC v. Platinum SJ Enter., 2013 U.S. Dist. LEXIS 170458 (N.D. Cal. Dec. 3, 2013); ADP

Comm'l Leasing, Inc. v. M.G. Santos, Inc., No. 13-cv-0587, 2013 U.S. Dist. LEXIS 103750, 2013 WL 3863897, at *9 (E.D. Cal. July 24, 2013); see also Solis v. Zenith Capital, LLC, No. 08-cv-4854-PJH, 2009 U.S. Dist. LEXIS 43350, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009) ("Unless the defense is one that falls under Rule 9, there is no requirement that a party plead an affirmative defense with particular specificity."). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (citations omitted). An exception to the particularity standard exists. The Ninth Circuit "has held that the general rule that allegations of fraud based on information and belief do not satisfy Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge. In such situations, plaintiffs cannot be expected to have personal knowledge of the relevant facts." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).

Defendants' twenty-sixth and twenty-eighth affirmative defenses claim that Plaintiff's material misrepresentations regarding the quality of the paint products fraudulently induced Plaintiff to enter the supply agreement. These defenses do not, however, allege the who, what, where, when, and how of the fraud. Each consists of a single sentence unaccompanied by any factual support. The motion to strike the twenty-sixth and twenty-eighth affirmative defenses is GRANTED, albeit with leave to amend.

However, the motion is DENIED with respect to the twenty-seventh affirmative defense. That defense claims that Plaintiff concealed the fact that products did not meet industry standard. Whether and how Plaintiff concealed knowledge regarding the inferior quality of the paint products is information within the Plaintiff's control, and the Rule 9(b) standard is relaxed for that claim. Neubronner, 6 F.3d at 672.

        2.       Offset and Mitigation Affirmative Defenses

The sixth affirmative defense alleges Plaintiff failed to mitigate its alleged damages by not addressing Defendants' complaints about the quality of the paint product provided. This argument is based on alleged warranty provisions of the supply agreement and, for the reasons asserted above, is not properly presented in a motion to

strike and is denied.

Plaintiff further claims that there is no duty to mitigate lost profits as a volume seller under Ohio law. Defendants claim that the failure to mitigate was based on Plaintiff's failure to address complaints as to the quality of the products provided. While phrased as a defense based on failure to mitigate, the defense is in essence a claim that Plaintiff breached the terms of the contract by providing inappropriate products, and that any damages suffered by Plaintiff should be set-off or mitigated by Plaintiff's breach of the contract. Regardless of technical terms of the affirmative defense, Defendants have provided Plaintiff fair notice of the factual grounds for the defense, and Plaintiff's motion to strike is denied.

Plaintiff also contends that Defendant's eleventh affirmative defense for set-off is insufficiently plead. The Court agrees. Defendants claim that Plaintiff's actions caused Defendants damages that should be set off against Plaintiff's damages. However, Defendants provide no information as to how they were damaged by Plaintiff's conduct. The eleventh claim for set-off is insufficiently plead. The Court GRANTS the motion to strike the eleventh affirmative defense, but gives leave to amend.

### 3. "Other" Insufficiently Plead Affirmative Defenses

Plaintiff asserts that affirmative defenses 8, 9, 23, 29, and 34 were insufficiently plead for various reasons.

Defendants' eighth affirmative defense alleges "good faith" on Defendant's part. Plaintiff contends that this merely states a legal theory without factual support and therefore fails to give fair notice. The Court agrees; the affirmative defense requires additional detail. The motion to strike is granted, with leave to amend, in regard to affirmative defense eight.

Plaintiff claims that affirmative defense nine, "unclean hands" is insufficiently plead under Ohio law as it fails to describe how Plaintiff's conduct was reprehensible, inequitable, or unconscionable. This affirmative defense reflects that it is based on Plaintiff's refusal to respond to complaints about the products not meeting industry

standards for quality. This is fair notice. In addition, Plaintiff has not shown as a matter of law that Defendants conduct cannot be found to be reprehensible, inequitable, or unconscionable. The motion to strike the claim is denied.

Plaintiff next argues that Defendants' affirmative defenses 23 and 34 lack supporting facts or explanation and thus lack fair notice to Plaintiff. Affirmative defense 23 states that the contracts at issue are "unenforceable in whole or in part", but provides no explanation why. Affirmative defense 34 reserves to Defendants the right to assert further affirmative defenses not presently known. Neither provides fair notice to enable Plaintiff to conduct discovery into the defenses. Affirmative defense 23 is stricken with leave to amend. Affirmative defense 34 is superfluous and is stricken without leave to amend. Should Defendants discover new affirmative defenses during this litigation, they may move to amend the answer under Fed. R. Civ. P. 15. Leave to amend is "freely given when justice so requires."

Finally, Plaintiff asserts defense 29 is insufficiently plead. Affirmative defense 29 is for unjust enrichment. It claims that Plaintiff would be unjustly enriched if permitted to recover damages against Defendants. "Unjust enrichment is not a cause of action or even a remedy, but rather a general principle, underlying various legal doctrines and remedies. It is synonymous with restitution." McBride v. Boughton, 123 Cal. App. 4th 379, 387, 20 Cal. Rptr. 3d 115 (2004) (citations omitted). "Under the law of restitution, an individual is required to make restitution if he or she is unjustly enriched at the expense of another." Durell v. Sharp Healthcare, 183 Cal.App.4th 1350, 1370, 108 Cal. Rptr. 3d 682 (2010). Defendants provide no allegation that they conferred any type of benefit upon Plaintiff that suggests unjust retention of a benefit by Plaintiff. See Durell, 183 Cal.App.4th at 1370. Affirmative defense 29 is insufficiently plead and does not provide Plaintiff fair notice of the basis of the defense. The defense is stricken with leave to amend.

**E. Affirmative Defenses That Deny Plaintiff's Allegations**

Plaintiff argues that Defendants' Seventh, Fifteenth, Twentieth, Twenty-First,

Twenty-Fourth, and Thirty-Third Affirmative Defenses are denials of allegations into Plaintiff's case in chief. Those affirmative defenses allege that Defendants fully performed, that Plaintiff improperly calculated damages, that any amounts owed under the agreements have been paid in full, that Plaintiff is not entitled to attorney fees, that the damages are speculative, and that and that Defendants substantially complied with the terms of the agreements.

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); Richmond v. Mission Bank, No. 1:14-cv-00184-AWI, 2014 U.S. Dist. LEXIS 67920, 2014 WL 2002312 at *5 (E.D. Cal. May 15, 2014) (striking purported affirmative defense based on failure to state a claim). Plaintiff is correct that the above claims are not affirmative defenses but rather denials of the allegations of Plaintiff's claims. Accordingly, Plaintiff's Motion is GRANTED with respect to affirmative defenses 7, 15, 20, 21, 24, and 33. Those defenses are stricken from Defendants' amended answer without leave to amend. The legal theories contained therein remain available for Defendants to use and rely upon to try to show that Plaintiff is not entitled to relief on its claims.

**V.     CONCLUSION AND ORDER**

Plaintiff's motion to strike Defendants' affirmative defenses (ECF No. 29) is GRANTED in part and DENIED in part. Plaintiff's motion is GRANTED as to affirmative defenses 8, 11, 23, 26, 28 and 29. Those affirmative defenses are STRICKEN from Defendants' amended answer without prejudice. Plaintiff's motion is also GRANTED as to affirmative defenses 7, 15, 20, 21, 24, 33 and 34. Those affirmative defenses are STRICKEN **with** prejudice. Plaintiff's motion is DENIED as to the other affirmative defenses challenged in the motion, including defenses: 3, 4, 5, 6, 9, 10, 12, 16, 18, 19,

14

22, 27, 31 and 32. Defendants have twenty (21) days following the date this Order to file a second amended answer should they choose to do so.

IT IS SO ORDERED.

Dated: February 12, 2016    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE