**McCORMICK BARSTOW, LLP**
**Gregory S. Mason**
Greg.mason@mccormickbarstow.com
7647 N. Fresno Street
Fresno, CA  93720
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

**YOUNG BASILE HANLON & MACFARLANE, PC**
**George S. Fish (P51298)**
fish@youngbasile.com
3001 West Big Beaver Road, Suite 624
Troy, MI  48084
Telephone:  (248) 649-3333
Facsimile:  (248) 649-3338

Attorneys for Plaintiff
The Sherwin-Williams Company,
d/b/a Sherwin-Williams Automotive Finishes

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY, d/b/a SHERWIN-WILLIAMS AUTOMOTIVE FINISHES,<br><br>Plaintiff,<br><br>vs.<br><br>COURTESY OLDSMOBILE-CADILLAC, INC. AND BEN WELLS,<br><br>Defendants. | Case No.:  1:15-CV-01137---MJS<br><br>**PROTECTIVE ORDER** |

This matter comes before the Court upon the consent of the parties in accordance with L.R. 141.1 and L.R. 143 to provide protection to and to prevent disclosures of certain information and documents which are deemed to contain confidential and/or highly confidential/proprietary information by one or more of the parties consisting

generally of trade secrets, financial and business planning information, or other highly confidential research, development, or commercial information, the disclosure of which could cause the producing party competitive harm. The Court is fully advised in the premises and finds entry of this Order appropriate under the circumstances. Accordingly,

IT IS HEREBY ORDERED:

**1. Restrictions on Disclosures of Information Designated Confidential.** Until further Order of this Court, no document, or copy thereof (or any contents, portions, summaries, digests, compilations or extracts thereof), produced pursuant to FRCP 26, in response to FRCP 33 Interrogatories, FRCP 34 Requests For Production, or by any non-party in response to a party subpoena, which is designated "Confidential," shall be disclosed in any way, directly or indirectly, in any form, to anyone other than in connection with this case, and then only to the following persons:

    a. the Court and its staff assigned to this case;

    b. the parties (whether or not dismissed at any time);

    c. outside counsel of record in this case and their respective shareholders, partners, associates, legal assistants, and staff employees who are involved in this case;

    d. general counsel for any of the parties and their respective associates, legal assistants, and any staff employees who are involved in this case;

    e. officers, directors, employees, accountants, and agents of the parties, or affiliated companies, who are assisting or dealing with counsel of record or general counsel;

    f. independent experts, investigators, consultants, and the like, retained by any party in connection with this litigation;

    g. witnesses disclosed and persons to be deposed by any party but only to the extent necessary to prepare such person for their respective and

        expected testimony and/or cross-examination in discovery and/or at trial; or

    h.    persons deemed by counsel of record, whether or not a party, witness or deponent, necessary to effectively represent their respective client(s) in this litigation.

**2.**     **Scope of Protective Order.** This Protective Order:

    a.    shall only apply to those specific documents that are designated as Confidential or Highly Confidential/Attorneys' Eyes Only as set forth herein;

    b.    shall apply to documents obtained by the parties or their respective counsel from non-parties via subpoena; and

    c.    shall not apply to documents obtained by the parties or their respective counsel from sources independent of and not otherwise affiliated with any of the parties to this case.

**3.**     **Documents Eligible for Protection.** Documents are eligible for protection under this Protective Order when the documents and information are deemed to contain:

    a.    Trade secrets;

    b.    Financial and business planning information; or

    c.    Research and development information.

The above categories of information, if disclosed, would cause the producing party competitive harm. Both trade secrets, including formulas, techniques, and processes, and financial and business planning information require protection pursuant to this Protective Order to safeguard the competitive advantage the producing party has developed and sought to maintain. Research and development information requires protection pursuant to this Protective Order in order to safeguard the producing party's efforts to improve and test its products and systems, leading to a competitive advantage, and to prevent the disclosure of intellectual property.

Given the gravity and significance of a producing party's trade secrets, financial and business planning information, and research and development information, this protection should be addressed by court order.

**4.     Notice of Protective Order.** Any person who is permitted by counsel to view and/or retain a copy of any document covered by this Protective Order shall be provided with a copy of this Protective Order and shall, by receiving a copy of same and viewing and/or retaining such document, agrees to be bound by the terms hereof and shall acknowledge the same in writing.

**5.     Designation as Highly Confidential/Attorneys' Eyes Only.** In addition to the protections afforded Confidential Information or Material under this Order, a producing party may designate any Confidential Information or Material which it further reasonably believes constitutes a trade secret or other highly confidential research, development, or commercial information, the disclosure of which to the other party or public could cause the producing party competitive harm, as "Highly Confidential/Attorneys' Eyes Only" by visibly designating such documents or by otherwise so designating sections of deposition transcripts or answers to interrogatories that contain such "Highly Confidential/Attorneys' Eyes Only." Materials designated as "Highly Confidential/Attorney's Eyes Only" (or "Attorneys' Eyes Only") may be disclosed only to counsel and general counsel for the parties (including staff as described in paragraph 1(c) and (d)), the Court and its staff assigned to this case, experts as defined in paragraph 1(f) who have signed the Confidentiality Undertaking of paragraph 10, court reporters required to transcribe designated testimony and experts as defined in paragraph 1(f) who have signed the Confidentiality Undertaking of paragraph 10. Any further disclosure of such information to others shall occur only by agreement of the parties in writing or court order.

**6.     Voluminous Documents.** In the case of voluminous documents, the producing parties may designate documents as "Confidential" or "Highly

Confidential/Attorneys' Eyes Only" by identifying ranges of numbered documents that are either "Confidential" or "Highly Confidential/Attorneys' Eyes Only."

**7. Conclusion of Litigation.** At the conclusion and final disposition of this litigation, either party shall have the right to request in writing that all such documents covered by this Protective Order either be returned to that party who shall have produced the same or destroyed provided such written request shall be made within forty-five (45) days following such conclusion and final disposition; otherwise, the right to a return or destruction of such document shall be deemed waived.

**8. Order of Exclusion.** If the Parties cannot resolve a dispute regarding the inclusion of a document or other evidence within the coverage of this Protective Order or the classification proposed for said document or evidence without court intervention, the Designating Party shall be authorized to seek a Telephonic Discovery Dispute Conference (TDDC) with the Court pursuant to the Judge's rules within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute.  If the Designating Party does not seek a TDDC within such timeframe, the designation shall be waived. The Court in its sole discretion may award monetary sanctions in favor of the prevailing party upon challenge made pursuant to this Paragraph.  Instances in which sanctions are appropriate include, but are not limited to, designations made without a good faith basis, designations made for an improper purpose such as to harass or impede a party's ability to view the evidence being used against it, designations made in violation of prior TDDC rulings, frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties). Unless the Designating Party has waived the confidentiality designation by failing to seek a Telephonic Discovery Dispute Conference with the Court as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**9. Non-Waiver of Privileges.**  Notwithstanding any other provision in this order to the contrary, the inadvertent or unintentional disclosure by any party of

confidential information or information subject to the attorney client privilege, work product privilege or any other privilege or protection provided by law, either by way of document production or deposition testimony or exhibit thereto, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Upon notice of any inadvertent or unintentional disclosure, the receiving party shall return said documents and things and all copies immediately, and shall not use any privileged documents or information in connection with this litigation. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

**10. Violation of Order.** Any violation of this Order by anyone having knowledge thereof may subject that person or entity to imposition of an appropriate sanction, in the discretion of the Court, as within or authorized by any statute, rule, or inherent power of the Court, or as otherwise provided by law.

**11. Undertaking.** All persons specified in paragraph 1(f) through (h) to whom disclosure of Confidential Information or Highly Confidential/Attorneys' Eyes Only material is made shall be given a copy of this Protective Order and shall sign the Undertaking Regarding Confidentiality form attached hereto as <u>Exhibit 1</u> indicating that they have read this Protective Order and agree to be bound by its terms.

**12. Disclosure of Confidential Material at Deposition.** During any deposition in which Confidential or Highly Confidential/Attorney's Eyes Only Information is discussed, counsel attending the deposition must make a good-faith effort to designate, on the record, the portions of the transcript that will contain Confidential or Highly Confidential/Attorney's Eyes Only Information. The portions of any deposition transcript

Protective Order
1:15-CV-01137-MJS

that counsel for any party has designated on the record at the deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY," and any such information marked as a deposition exhibit shall be treated as Confidential or Highly Confidential/Attorney's Eyes Only Information and placed in a separately bound volume. For deposition testimony not designated on the record during the deposition, portions of the transcript may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" if, within fourteen (14) days of the transcript's delivery to the Parties' counsel of record, counsel designates in writing, by page, any portion of the transcript as Confidential or Highly Confidential/Attorney's Eyes Only Information. **In the time after the deposition but before the expiration of this fourteen (14) day period, the entirety of all deposition transcripts must be treated as if they contained Highly Confidential/Attorney's Eyes Only Information.**

   **13. Exclusion of Persons from Deposition.** If any Confidential or Highly Confidential/Attorney's Eyes Only Information or Material is summarized, discussed or quoted at any deposition, all persons other than those to whom disclosure is permitted hereunder may be excluded from such portion of the deposition at the request of the Producing Party.

   **14. Privilege Logs.** No party shall be obligated to log privileged or otherwise protected communications received after the filing date of the Complaint in this action.

   **15. Filing Under Seal.** Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information, if any, shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g.,

"Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

## **ORDER**

Good cause appearing, the proposed Protective Order, above, in Case No. 1:15-cv-1137-MJS, is hereby approved and adopted as the Order of the Court.

IT IS SO ORDERED.

Dated:   May 25, 2016                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

# Exhibit "1"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY, d/b/a SHERWIN-WILLIAMS AUTOMOTIVE FINISHES,<br><br>Plaintiff,<br><br>vs.<br><br>COURTESY OLDSMOBILE-CADILLAC, INC. AND BEN WELLS,<br><br>Defendants. | Case No.: 1:15-CV-01137---MJS<br><br>**UNDERTAKING REGARDING CONFIDENTIALITY** |

The undersigned individual hereby certifies that he/she has read the foregoing Protective Order, understands the terms thereof, and agrees to be bound thereby personally if receiving Confidential Information or Highly Confidential/Attorney's Eyes Only in the course of the above-captioned litigation.

The undersigned acknowledges that breach of the Protective Order shall be actionable by any aggrieved party to the Action that is the subject of the foregoing Protective Order, and that such breach shall subject the undersigned to any and all applicable legal and equitable remedies for enforcement for the Protective Order and/or relief, including damages, for its breach.

Promptly upon termination of this action, I will return all Confidential Information or Highly Confidential/Attorney's Eyes Only which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party supplying such Information to me.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Date: _____   Name: _____