UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERWIN-WILLIAMS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COURTESY OLDSMOBILE-CADILLAC, INC.., et al.,<br><br>Defendants. | Case No. 1:15-cv-01137-MJS<br><br>**ORDER REQUIRING PARTIES TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO FILE DISPOSITIONAL DOCUMENTS**<br><br>**(ECF NO. 72)**<br><br>**FOURTEEN (14) DAY RESPONSE DEADLINE** |

**I.     Procedural History**

On March 31, 2017, the parties requested a stay of the deadline to file dispositive motions on the ground that they had reached a tentative settlement agreement. (ECF No. 66.) On April 3, 2017, the Court extended the dispositive motion fourteen days. (ECF No. 67.)

The fourteen day deadline passed with no submissions by the parties. On April 20, 2017, the Court ordered the parties to file a joint status report regarding the progress of settlement. (ECF No. 68.) The parties filed a status report indicating that they continued to work on a final settlement agreement. They did not request a further extension of any court deadlines. (ECF No. 69.)

On May 1, 2017, the Court filed a minute order noting that the parties had not filed

a joint pretrial statement as previously ordered. The parties were ordered to file a joint pretrial statement by May 2, 2017. (ECF No. 70.)

On May 2, 2017, the parties filed a motion to stay the proceedings pending execution of a final settlement agreement. (ECF No. 71.) They stated their intent to file a stipulation to dismiss the action with prejudice within sixty days.

The Court did not grant the motion to stay but vacated all pending dates and matters. The parties were ordered to file dispositional documents within sixty days. (ECF No. 72.)

The sixty day deadline has now passed. The parties did not file dispositional documents or seek an extension of time to do so.

**II. Discussion**

Local Rule 110 provides, "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Here, the parties have, since April 17, 2017, failed to prosecute this action with diligence. They have failed to comply with multiple court deadlines, necessitating multiple court orders to move the action forward. They have failed to file dispositional documents despite representations that they would do so. It is unclear whether a final settlement has been reached. The parties' failure to take required action in this matter wastes judicial resources. The Court will no longer hold this matter in abeyance if a final settlement has not been reached and the matter cannot now be closed.

**III. Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Within fourteen days, the parties are ordered to show cause why monetary or terminating sanctions should not be imposed for failure to comply with the orders of this Court;
2. Within fourteen days the parties are ordered to file dispositional

documents in compliance with the Court's May 2, 2017 minute order;

3. If no dispositional documents are filed within the time required, the dispositive motion deadline and all pretrial deadlines and trial may immediately be reset without further consultation with the parties;

4. Failure to comply with this order may result in sanctions, including monetary or terminating sanctions.

IT IS SO ORDERED.

Dated: July 7, 2017            /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE