UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERWIN WILLIAMS COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COURTESY OLDSMOBILE-<br>CADILLAC, INC., AND BEN WELLS<br><br>　　　　Defendants. | Case No.  1:15-cv-01137-MJS<br><br>**ORDER IMPOSING MONETARY SANCTIONS ON COUNSEL FOR BOTH PARTIES**<br><br>**THIRTY DAY DEADLINE FOR PAYMENT OF SANCTIONS TO THE COURT** |

**I.     Procedural History**

On March 31, 2017, the parties requested a stay of the deadline to file dispositive motions on the ground that they had reached a tentative settlement agreement. (ECF No. 66.) On April 3, 2017, the Court extended the dispositive motion fourteen days. (ECF No. 67.)

The fourteen day deadline passed with no submissions by the parties. On April 20, 2017, the Court ordered the parties to file a joint status report regarding the progress of settlement. (ECF No. 68.) The parties filed a status report indicating that they continued to work on a final settlement agreement. They did not request a further extension of any court deadlines. (ECF No. 69.)

On May 1, 2017, the Court filed a minute order noting that the parties had not filed

a joint pretrial statement as previously ordered. The parties were ordered to file a joint pretrial statement by May 2, 2017. (ECF No. 70.)

On May 2, 2017, the parties filed a motion to stay the proceedings pending execution of a final settlement agreement. (ECF No. 71.) They stated their intent to file a stipulation to dismiss the action with prejudice within sixty days.

The Court did not grant the motion to stay but vacated all pending dates and matters. The parties were ordered to file dispositional documents within sixty days. (ECF No. 72.)

The sixty day deadline passed. The parties did not file dispositional documents or seek an extension of time to do so. On July 7, 2017, the Court ordered the parties to show cause why sanctions should not be imposed for failure to obey the Court's order. (ECF No. 73.) Counsel for Plaintiff responded to the order to show cause on July 21, 2017. (ECF No. 75.) Counsel for Defendants responded belatedly on July 24, 2017.

**II.     Applicable Law**

Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." The district court has the authority, both under its inherent power and under 28 U.S.C. § 1927[1], to impose monetary sanctions payable to the Court when counsel has willfully disobeyed a court order or otherwise conducted litigation in bad faith. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); see also Toombs v. Leone, 777 F.2d 465, 471 (9th Cir. 1985). Indeed, the imposition of monetary sanctions on counsel under these circumstances has been looked upon favorably in this Circuit. Toombs, 777 F.2d at 471 n.10 (quoting Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522-23 (9th Cir. 1983)).

---

[1] Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

### III. Discussion

Counsel has had notice and an opportunity to be heard regarding the imposition of sanctions. See Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522-23 (9th Cir.1983) (sanctions should not be imposed without giving counsel notice and an opportunity to be heard).

The parties provide lengthy and persuasive explanations as to why they were unable to finalize their settlement agreement sooner. Such explanations may well have provided good cause for an extension of time had either party submitted such a request. Neither party did.

The Court's concern here is not with the reasons for delay in finalizing the settlement, but with counsels' failures to timely respond to court orders. Defendants provide no justification for same. Plaintiff states merely that the parties "regrettably failed to advise the Court by the deadline that the Parties were expecting to jointly dismiss the lawsuit soon and needed an extension." Nothing was provided to explain, much less justify, this failure.

To recap the recent procedural history of this case:

The parties initially sought an unlimited stay of this action to attempt to finalize a settlement. (ECF No. 67.) The Court instead extended the dispositive motion deadline for fourteen days. (ECF No. 68.) That deadline expired and no dispositive motions or any request for an extension of time were filed. With no stay in place, the deadline for filing a joint pretrial statement also passed with no submission from the parties. (ECF No. 70.) When ordered – for the second time – to file a pretrial statement, the parties instead sought a sixty-day stay. (ECF No. 71.) They then failed to file dispositional documents, or seek an extension of the time in which to do so, within the sixty days allotted and ordered. The Court again had to order the parties to comply with outstanding deadlines. Even Defendants current response to the order to show cause was not timely filed.

The parties have failed to prosecute this action with diligence. They have failed to

comply with multiple court deadlines and necessitated multiple court orders to move the action forward. Their failure to take required action in this matter has wasted judicial resources. Neither party has provided any explanation or justification for their conduct in ignoring the Court's deadlines despite their professional obligation to meet deadlines and comply with court orders.

The Court finds this history sufficient to conclude that the attorneys in this action have willfully disobeyed a court order and have acted with reckless disregard of their duty to the Court. See Roadway Express, Inc., 447 U.S. at 766; Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989).

## IV.    Order

Based on the foregoing, the Court HEREBY IMPOSES monetary sanctions in an amount of $250.00 on counsel for the Plaintiff and $250 on counsel for the Defendants, payable to the court within thirty days of the date of this order.

IT IS SO ORDERED.

Dated:   July 24, 2017                    /s/ *Michael J. Seng*
                                                         UNITED STATES MAGISTRATE JUDGE